Per Curiam.

Although counsel may justifiably disagree with the court’s rulings on the exclusion of evidence, there is no justification for counsel in summation disregarding those rulings, criticizing the rulings, criticizing the objections of opposing counsel which prompted the rulings, asserting that the rules of evidence are artificial and attempting by suggestion and insinuation to get before the jury the matters excluded. The summation of counsel for defendant in these respects went *358 beyond the permissible latitude of summation and the court was warranted in setting aside the verdict for the defendant, which was possibly obtained by this prejudicial conduct. While ordinarily we would agree that instructions from the court to the jury to disregard the comments of counsel, particularly in the absence of a motion for a mistrial, should be regarded as correcting the error, we are not persuaded that such was the case here in view of counsel’s insistent pursuit of an improper course, and we think that under the circumstances counsel for plaintiff was not obliged to move for a mistrial to preserve plaintiff’s rights to a fair trial.
In affirming the order appealed from we think it advisable, however, for the guidance of the court on the third trial of this action, to indicate generally that the evidence which was excluded should have been admitted and that the defendant should have considerable latitude in the examination of Abramowitz and Steffos and otherwise to develop its contention that the testimony they gave on the first trial was perjured and suborned by representatives of plaintiff.
The order appealed from should be affirmed, with costs to respondent.